[Civ. No. 9863.   First Appellate District, Division One.—August 16, 1935.]

AMERICAN EMPLOYERS' INSURANCE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

Redman, Alexander & Bacon for Petitioner.

Paul A. McCarthy for Respondents.

TYLER, P. J.—Petition for mandate to compel respondents to make an order releasing petitioner from all liability thereafter to arise on an official bond.

Petitioner is a surety on the official bond of Harry E. Jenkins as county treasurer of San Mateo County. Desiring to be relieved from liability thereon afterwards accruing, on March 16, 1935, it filed with respondents, who were authorized by law to approve such bond, a statement in writing setting forth the desire of the surety to be released from said liabilities, which statement was subscribed and verified by affidavit. On March 16, 1935, a copy of said statement was served on the said Jenkins and return made thereon. On April 8, 1935, and after the lapse of ten days from such service, petitioner demanded of respondents that they make an order releasing it from all liabilities thereafter to arise on such official bond. This demand was refused and the present application is one to compel the making of said order.

The procedure by which a surety on the official bond may obtain a release from future liability thereon is controlled by sections 972 to 975 of the Political Code. They read as follows: Sec. 972. ''Any surety on the official bond of a city, town, county, or state officer, may be relieved from liabilities thereon afterwards accruing by complying with the provisions . . . following.'' Sec. 973. ''Such surety must file with the judge, court, board, officer, or other person authorized by law to approve such official bond, a statement in writing setting forth the desire of the surety to be relieved from all liabilities thereon afterwards arising, and the reasons therefor, which statement must be subscribed and verified by the affidavit of the party filing the same.'' Sec. 974. ''A copy of the statement must be served on the officer named in such official bond and due return or affidavit of service made thereon as in other cases.'' Sec. 975. ''In ten days after the service of such notice the judge, court, board, officer, or other person with whom the same is filed, must make an order declaring

such office vacant and releasing such surety from all liability thereafter to arise on such official bond, and such office thereafter is in law vacant, and must be immediately filled by election or appointment, as provided for by law as in other cases of vacancy of such office unless such officer has before that time given good and ample surety for the discharge of all his official duties as required originally.''

It is the claim of petitioner that it has carefully complied with the foregoing sections, and it was therefore the plain and manifest duty of the respondents to make the order of release which this proceeding seeks to compel. Respondents have demurred to the petition on the ground that the application of petitioner to be relieved from liabilities fails to give the reasons for such application, as provided for by section 973 of the Political Code. The reasons assigned by petitioner for being relieved as surety are that petitioner and its reinsuring companies did not desire to assume any further liability under said bond, and said reinsuring companies had instructed petitioner to take the necessary proceedings to terminate all further liability thereon. ■ It is the contention of respondents that the requirement of the statute, that the reasons for the desire of the surety to be relieved be shown in the verified statement as a condition precedent to any action by the court, implies that the reason must be one concerning the conduct of the public officer in relation to the office. The statute does not admit of such limited construction. It simply provides that the reason for a release must be given. What motives, reasonable or otherwise, may have controlled the action of petitioner and its associates in seeking to be relieved, the statute in no manner compels them to reveal. Their desire to no longer remain sureties upon the bond is a reason, and a sufficient one within the meaning of the statute, and this irrespective of the manner in which the duties of the office are performed or what other motive may have controlled petitioner in seeking its release.

It is ordered that respondents and each of them make an order releasing petitioner from all liability in accordance with the prayer of its petition.

Cashin, J., and Knight, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 14, 1935.

Seawell, J., voted for a hearing.